UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
==================================

JAMIE NEAR, as Administrator of the
Estate of JENA MACDIARMID, Deceased,                    **NOTICE OF REMOVAL**

                              Plaintiff,

        v.

CITY OF BUFFALO, ERIE COUNTY,
ERIE COUNTY CENTRAL POLICE
SERVICES and JOHN DOES 1-15,

                              Defendants.
==================================

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:**

            **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§1441 and

1446, defendant, City of Buffalo (City)—with the consent of co-defendants Erie

County and Erie County Central Police Services (County defendants)[1]—by their

attorney, Cavette A. Chambers, Corporation Counsel, David M. Lee, of counsel,

hereby remove to this Court the civil action filed in New York State Supreme Court,

Erie County, bearing Index Number 813222/2025. In support of this notice, the City

states that:

---

[1]     The City believes that consent from the County defendants is not required for the
City to seek removal of this action because the City appears to be the only defendant that has
grounds for removal. *See Moscovitch v. Danbury Hosp.*, 25 F.Supp.2d 74, 78 (D. Conn. 1998).
However, the City would rather err on the side of caution and has obtained the County
defendants' consent to removal. See page 3, below. Moreover, the City need not obtain the
consent of the non-served John Doe defendants to remove this action. 28 U.S.C.
§1446(b)(2)(A).

1.      Plaintiff filed a summons and complaint against the defendants in state court on August 3, 2025. The City was served with the pleading on August 7, 2025.

2.      An index identifying each document filed or served in the state court action is attached at page 4, below. Copies of these documents are also attached hereto as exhibits.

3.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the plaintiff's complaint asserts claims arising under, inter alia, 42 U.S.C. §1983.

4.      Venue is proper pursuant to 28 U.S.C. §1441(a) as this Court is the federal district court for the district embracing the place where the state court action is pending.

**WHEREFORE**, the City files this notice of removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated:      Buffalo, New York
            September 3, 2025

                          Respectfully submitted,

                          Cavette A. Chambers
                          Corporation Counsel
                          Attorney for Defendant City of Buffalo

                  By:     s/David M. Lee
                          Assistant Corporation Counsel
                          City of Buffalo Law Department
                          65 Niagara Square, 1114 City Hall Buffalo,
                          New York 14202
                          (716) 851-9691
                          dlee@city-buffalo.com

## CONSENT TO REMOVAL

The County defendants consent to have this case removed from state court to this Court for all further proceedings.

Dated:  Buffalo, New York
     September 3, 2025

           Jeremy C. Toth
           Erie County Attorney
           Attorney for County Defendants

           s/  Erin E. Molisani
           Assistant County Attorney
           95 Franklin Street, Room 1634
           Buffalo, New York 14202
           Telephone: (716) 858-2216
           Email: erin.molisani@erie.gov

## INDEX OF DOCUMENTS FILED OR SERVED IN STATE COURT PRIOR TO REMOVAL

Exh. A:  Plaintiff's notice of claim.

Exh. B:  The City's N.Y. Gen. Mun. Law §50-h notice.

Exh. C:  Plaintiff's summons and complaint.

Exh. D:  Affirmations of service of summons and complaint.

Exh. E:  The City's answer to plaintiff's complaint.

## CERTIFICATE OF FILING AND SERVICE

Promptly after filing the foregoing notice of removal in this Court, I will file the notice and attachments being filed with this Court on the New York State Courts Electronic Filing System, which will give notice to the plaintiff and state court of the removal.

Dated:     Buffalo, New York
           September 3, 2025

                                   s/David M. Lee

# Exhibit A

CITY OF BUFFALO
DEPARTMENT OF LAW

APR 1 1 2025

RECEIVED

hd ←m
10:58
CAC CAM
TSQ PDF

In the Matter of the Claim of
JAMIE NEAR, as Administrator of
of the Estate of JENA MACDIARMID
a/k/a JENA MACDIARMID BEAL,
Deceased,

                    Claimant,

    -  against  -

ERIE COUNTY,
ERIE COUNTY CENTRAL POLICE SERVICES
COMMUNICATIONS DIVISION,
CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT, and
JOHN and/or JANE DOES #1-5

                    Respondents.

**NOTICE OF CLAIM**

TO:    ERIE COUNTY,
       ERIE COUNTY CENTRAL POLICE SERVICES
       COMMUNICATIONS DIVISION,
       CITY OF BUFFALO,
       BUFFALO POLICE DEPARTMENT,
       JOHN and/or JANE DOES #1-5

       PLEASE TAKE NOTICE, that JAMIE NEAR, as Administrator of the Estate of

JENA MACDIARMID a/k/a JENA MACDIARMID BEAL, deceased, has and hereby

makes claim against ERIE COUNTY, ERIE COUNTY CENTRAL POLICE SERVICES

COMMUNICATIONS DIVISION, CITY OF BUFFALO, BUFFALO POLICE

DEPARTMENT, and JOHN and/or JANE DOES #1-5, and in support of said claim

states the following:

1.    The Post Office address of claimant is 446 Hall Road, Elma, New York 14059.

2.    The attorneys for claimant are LIPSITZ GREEN SCIME CAMBRIA LLP, and their Post Office address is 42 Delaware Avenue, Suite 120, Buffalo, New York 14202.

3.    On or about the 22nd day of January 2025, the claimant, JAMIE NEAR, was appointed Administrator of the Estate of JENA MACDIARMID a/k/a JENA MACDIARMID BEAL, (at times "Jena") pursuant to an Order of the Surrogate's Court of the County of Erie and the State of New York, and Limited Letters of Administration of the Estate of JENA MACDIARMID a/k/a JENA MACDIARMID BEAL were issued to the claimant, JAMIE NEAR, and the said claimant thereupon duly qualified and thereafter acted and is still acting as such Administrator.

4.    The claim on behalf of the decedent, JENA MACDIARMID BEAL, is for negligence, wrongful death, and civil rights violations, including without limitation, loss of life and for violation of her state and federal constitutional and statutory rights; and the claim of JAMIE NEAR, as Administrator of the Estate of JENA MACDIARMID BEAL, deceased, is for funeral expenses, pecuniary loss, civil rights violations, and wrongful death, along with punitive damages, attorneys' fees and costs on behalf of decedent's distributes.

5.    The claim arose at 3442 Main Street, Apt. 4B, in the City of Buffalo, County of Erie and State of New York.

6.    Upon information and belief, the claim arose in substance as follows:  On the 3rd day of August, 2023, the claimant's decedent, Jena, was texting 9-1-1 for help relating to a domestic abuse situation. In Erie County, New York, the Central Police Services

Communications Division department is a County agency that provides countywide support services for law enforcement and criminal justice, that includes oversight, management and running the 911 system. This division handles emergency calls and texts and maintains the Enhanced 911 database. The 911 call taker (aka complaint writer) is an employee of Erie County through Central Police Services. The unknown agent who was the 911 call taker texting with Jena is referred to at times as the "911 call taker". At 4:46 AM Jena wrote to the 911 call taker, "Can you send someone 3442 main st please don't call." Ten minutes later at 4:56 AM Jena again texted the 911 call taker, "It's bout to be a domestic I can. Tell how he acting and talking to himself about me." While texting, Jena asked them to "hurry"; informed the 911 call taker that she was unable to move; and that law enforcement had the code to her building to get in. At 5:16 AM, the 911 call taker texted Jena "ok police are there." The Buffalo Police Department ("BPD") is the police department that responds to the 911 call based on decedent's residence. The last text is from the 911 call taker says, "told them to come up to b4 and knock on the door"; Jena responds "Ok." But the officers were not outside at 5:16 AM. Officers would finally respond about 1 hour & 15 minutes later - arriving at 6 am. Upon information and belief the officers did not investigate, enter the building or her apartment, or take any action at that time.

7.    By virtue of the text communications, a special relationship existed between respondents and Jena because (1) respondents assumed, through promises and actions, an affirmative duty to act on Jena's behalf; (2) respondents, by their employees and agents, knew that inaction on their part could lead to harm; (3) there was direct contact between respondents' employees and/or agents and Jena; and (4) Jena justifiably relied on respondents' affirmative undertaking. In particular, the 911 call taker's statement that

police were outside, had a code to get in, and were going to knock on her door any minute, caused Jena to take actions that increased her risk, such as staying in a dangerous situation thinking the police would be there any moment.

8.  Four days after Jena was erroneously assured that police officers were at her residence and would be coming to her apartment door, after multiple calls by family members for police assistance regarding Jena, finally on Monday, August 7, 2023, at approximately 3:00 p.m., BPD officers responded to Jena's apartment complex on the 3400 block of Main Street after receiving a 911 call. Officers found the victim, 37-year-old Jena MacDiarmid Beal, deceased inside of her apartment. The coroner opined that Jena had likely died four days prior to the officer's arrival on August 7, 2023. She had been beaten to death and mutilated by her boyfriend.

9.  Upon information and belief, Jena had multiple prior contacts with BPD officers, including prior emergency room hospitalizations, court appearances and a protective order relating to the domestic violence she routinely experienced from her boyfriend. Upon information and belief, for more than a year, there was an active warrant out against her boyfriend for violating the order of protection.

10. Upon information and belief, the City, BPD, and various law enforcement officers implicitly and affirmatively sanctioned Jena's boyfriend's continuing physical abuse of her for years despite her repeated calls for police assistance during this period and the presence of an active warrant.

11. Upon information and belief, the City, and its department, failed to train its police officers who neither arrested the boyfriend nor took him into custody despite the active warrant and the alleged abuse. Upon information and belief, the defendants'

dismissive and inappropriate behavior which was witnessed by Jena's boyfriend affirmatively increased the danger she faced. Upon information and belief, the conduct constituted deliberate indifference and was conscience shocking because the risks and concerns of domestic violence situations were well known and documented, and because police officers are prohibited from affirmatively contributing to the vulnerability of a known victim by engaging in conduct, whether explicit or implicit, that encourages *intentional* violence against the victim. Upon information and belief, the repeated failure of high-ranking officers to properly respond to, investigate, and accurately report domestic violence complaints, when those same officers were responsible for teaching subordinates how to respond to domestic violence, suggests a fundamental flaw in the training program—placing training responsibility in the hands of those who may themselves not understand the problem or the appropriate response.

12. Upon information and belief, the claimant's decedent, JENA MACDIARMID BEAL, at the aforesaid premises, was caused to suffer serious injuries including death, due to the failure of ERIE COUNTY, ERIE COUNTY CENTRAL POLICE SERVICES COMMUNICATIONS DIVISION, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, and JOHN and/or JANE DOES #1-5 to ensure for and/or provide timely and proper protection to JENA MACDIARMID BEAL; in increasing her risk by telling her that 911 was outside such as staying in a dangerous situation thinking the police would be there any moment; in dispatch failing to provide appropriate instructions creating a risk of imminent harm to Jena; in the false information dispatch provided to decedent; in their failure to provide protection to decedent.

13.    Upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants and/or employees of ERIE COUNTY and/or ERIE COUNTY POLICE SERVICES COMMUNICATIONS DIVISION, and/or CITY OF BUFFALO and/or BUFFALO POLICE DEPARTMENT, and/or and JOHN and/or JANE DOES #1-5, more particularly, among other things, in their failing and omitting to properly and in a timely manner administer, provide, and/or ensure for an adequate response to domestic violence 9-1-1 texts and phone calls; in failing to properly and in a timely manner respond to said decedent's complaints, symptoms and requests for police response; in deliberately, purposefully, and knowingly denying domestic violence victims like the decedent access to necessary police protection caused the constitutional injury; in disparately responding to calls involving domestic violence; in negligently furthering the deterioration of her domestic violence situation by failing to go inside and investigate the 911 call for help; in affording less protection to victims of domestic violence than to other victims of violence in comparable circumstances; furthermore, the incident and resultant injuries and damages were caused by those acts and omissions of the agents, servants and/or employees of the respondents, in their failure to properly and adequately train, supervise, instruct its employees, staff and/or police officers with regard to the proper and timely response to domestic violence calls; failing to respond and/or investigate claimant's decedent's domestic violence crisis in an expeditious manner; and in violating claimant's state and federal constitutional and statutory rights by failing to provide adequate police protection and failure to take reasonable measures to guarantee the safety of claimant's decedent.

14.     Upon information and belief, as a result of the aforesaid incident, claimant's decedent, JENA MACDIARMID BEAL, sustained severe bodily injuries and was painfully and seriously injured and killed; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to her nerves and nervous system; and more particularly JENA MACDIARMID BEAL sustained injuries that led to her death.

15.     As a result of the aforesaid incident, injuries and death of decedent, JENA MACDIARMID BEAL, the claimant, JAMIE NEAR, as Administrator of the Estate of JENA MACDIARMID a/ka JENA MACDIARMID BEAL, claims damages for pecuniary loss on behalf of decedent's distributees.

WHEREFORE, claimant requests that ERIE COUNTY, ERIE COUNTY CENTRAL POLICE SERVICES COMMUNICATIONS DIVISION, CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT, JOHN and/or JANE DOES #1-5, honor and pay the claims on behalf of JAMIE NEAR, Individually and as Administrator of the Estate of JENA MACDIARMID a/k/a JENA MACDIARMID BEAL.

DATED:     Buffalo, New York
           April 8, 2025.

                                    _____
                                    JAMIE NEAR, Individually and as
                                    Administrator of the Estate of
                                    JENA MACDIARMID a/k/a JENA
                                    MACDIARMID BEAL, Deceased

                                    LIPSITZ GREEN SCIME CAMBRIA LLP

                                    By:_____
                                       MELISSA D. WISCHERATH, ESQ.
                                    Attorneys for Claimant
                                    Office and P.O. Address
                                    42 Delaware Avenue, Suite 120
                                    Buffalo, New York 14202-3924
                                    (716) 849-1333

-8-

STATE OF NEW YORK    )
                          ) SS.:
COUNTY OF ERIE       )

      JAMIE NEAR, being duly sworn deposes and says that she is the claimant above named; and makes this claim on behalf of self; she has read the foregoing claim and knows the contents thereof; the same is true to the knowledge of the claimant except for the matters herein alleged upon information and belief, and as to those matters, she believes them to be true.

                                         JAMIE NEAR, Individually and
                                         as Administrator of the Estate of JENA
                                         MACDIARMID a/k/A JENA
                                         MACDIARMID BEAL, Deceased

Sworn to before me on this

_9th_ day of April, 2025.

                                  ALVIN J. OZORIA
                                 NO. 01OZ6433655
                          Notary Public, State of New York
                             Qualified in Erie County
                     My Commission Expires May 23, 2026

Notary Public

# Exhibit B

**In the Matter of the Claim of**

---

**JAMIE NEAR, as Administrator of the Estate**        **Notice for Examination Under**
**Of JENA MACDIARMID a/k/a JENA**        **Oath or Affirmation**
**MACDIARMID BEAL, Deceased**

        **-against-**

**CITY OF BUFFALO, BUFFALO POLICE**
**DEPARTMENT, and JOHN and/or JANE DOES**
**#1-5**

---

      **PLEASE TAKE NOTICE,** that pursuant to New York State General Municipal Law §50-h **JAMIE NEAR** is to appear at the Law Department of the City of Buffalo, located on the 11ᵗʰ floor of Buffalo City Hall, 65 Niagara Square, Buffalo, New York on **June 26, at 11:00 a.m.** to be examined under oath or affirmation, upon oral questions, by an Assistant Corporation Counsel for the City of Buffalo.

      **Please take further notice,** that upon request a transcript of the examination shall be furnished to the claimant or claimant's counsel.

Dated: Buffalo, New York
      April 15, 2025

                              CAVETTE A CHAMBERS, ESQ.
                              Corporation Counsel

                              /s/Robert E. Quinn
                              Robert E. Quinn
                              Deputy Corporation Counsel
                              1100 City Hall
                              65 Niagara Square
                              Buffalo, New York 14202

TO:    Lipsitz Green Scime Cambria LLP
        Attn: Melissa D. Wischerath, Esq.
        42 Delaware Avenue, Suite 120
        Buffalo, New York 14202

**\*Upon receipt of this Notice please call**
**851-4343 to confirm your availability**
**for this examination.**

# Exhibit C

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM                    INDEX NO. 813222/2025
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 08/03/2025

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

CAC
RED
CM
CITY OF BUFFALO
DEPARTMENT OF LAW
AUG 0 7 2025
RECEIVED

H.D
1:08 pm
@

JAMIE NEAR, as Administrator of the
Estate of JENA MACDIARMID, Deceased
446 Hall Road
Elma, NY 14059
                          Plaintiff

vs.

                                              **SUMMONS**

CITY OF BUFFALO
1100 City Hall                                 Index No.
65 Niagara Square
Buffalo, New York 14202

ERIE COUNTY,
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY CENTRAL POLICE SERVICES,
95 Franklin Street
Buffalo, New York 14202

JOHN DOE 1-15 (supervisor(s), employee(s), or staff on Duty involved in the response and
treatment of Jena MacDiarmid and/or underlying claims)

                          Defendants.

TO THE ABOVE-NAMED DEFENDANTS:

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a
copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of
appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this
Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is
complete if this Summons is not personally delivered to you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the Complaint.

        Erie County is designated as the place of trial on the basis of residence of plaintiff who resides
in Buffalo, New York.

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

DATED:     Buffalo, New York
           August 2, 2025

                                   LIPSITZ GREEN SCIME CAMBRIA LLP

                                   By: /s/ Melissa D. Wischerath
                                        MELISSA D. WISCHERATH, ESQ.
                                   Attorneys for Plaintiff
                                   42 Delaware Avenue, Suite 120
                                   Buffalo, New York 14202-3924
                                   (716) 849-1333

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

JAMIE NEAR,
Individually and as Administratrix
of the Estate of
JENA MACDIARMID, Deceased,

                Plaintiff,                      **COMPLAINT**

vs.

                                        Index No.

CITY OF BUFFALO,
JOHN DOE 1 through 5 (said City of Buffalo
supervisor(s), employee(s), or staff on Duty involved in the response and treatment of Jena
MacDiarmid and/or underlying claims),
ERIE COUNTY,
JOHN DOE 1 through 5 (said Erie County
supervisor(s), employee(s), or staff on Duty involved in the response and treatment of Jena
MacDiarmid and/or underlying claims),
ERIE COUNTY CENTRAL POLICE SERVICES,
JOHN DOE 1 through 5 (said Erie County Central Police Services
supervisor(s), employee(s), or staff on Duty involved in the response and treatment of Jena
MacDiarmid and/or underlying claims),

                Defendants.

---

Plaintiff, above named, by her attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for

her Complaint against defendants, alleges:

## FACTS

1.     Last year, nearly 6,600 women, men, and children throughout Erie County were

victims of domestic violence. It was the highest victim total in the past decade — 14 percent higher

than the previous year, according to the New York State Division of Criminal Justice Services

("DCJS"). Domestic violence incidents have been on the rise in the past several years.

1

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025
RECEIVED NYSCEF: 08/03/2025

2.      Since 2018, 61 domestic violence deaths were reported in Erie County.  Sixteen of those deaths occurred in one year, 2022.

3.      In the City of Buffalo, in 2023, 2,760 female domestic violence victims were reported to DCJS.

4.      Upon information and belief, Buffalo police take much longer to respond to calls of domestic violence than non-domestic violence.

5.      In 2024, the median 911 call response time for "domestic trouble" was approximately 47 minutes, significantly higher than non-domestic "trouble" response time.

6.      For the period of 2014 to 2020, in the City of Buffalo, officers responded far more quickly to reports of shots fired (median response time: 6.4 minutes) than to assaults in progress (13.3 minutes) and domestic violence (14.2 minutes). Response times were slower in neighborhoods with more crime, more poverty, and more people of color.

7.      On the 3rd day of August, 2023, Jena MacDiarmid, (hereinafter "Jena"), was texting 9-1-1 seeking police protection relating to domestic violence abuse.

8.      In Erie County, New York, the Central Police Services Communications Division department is a County agency that provides countywide support services for law enforcement and criminal justice, including oversight, management and operating of the 911 system. This division handles emergency calls and texts and maintains the Enhanced 911 database.

9.      The 911 call taker (aka complaint writer) is an employee of Erie County through Central Police Services. An unknown county employee who was the 911 call taker texting with Jena is referred to at times as the "911 call taker." At 4:46 AM Jena wrote to the 911 call taker, "Can you send someone 3442 main st please don't call." Ten minutes later at 4:56 AM Jena again texted the 911 call taker, "It's bout to be a domestic I can. Tell how he acting and talking to himself

2

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

about me." While texting, Jena requested that the police "hurry"; informed the 911 call taker that she was unable to move; and informed the 911 call taker that law enforcement had the code to gain access to the building containing her apartment. At 5:16 AM, the 911 call taker texted Jena "ok police are there."

10.     The Buffalo Police Department ("BPD") is the police department that responds to the 911 calls within the City of Buffalo. The last text from the 911 call taker states, "told them to come up to b4 and knock on the door"; Jena responded: "Ok." Despite the representation by the 911 call taker, the Buffalo Police Department officers were not outside at Jena's apartment building at 5:16 AM. Buffalo Police Department Officers failed to respond and did not arrive until approximately 1 hour & 15 minutes later - arriving at 6 am. Upon information and belief, the Buffalo Police Officers failed to investigate the request for police protection, failed to enter the building or the apartment of the complainant-decedent, Jena, and failed to take any other actions at that time.

11.     On Monday, August 7, 2023, at approximately 3:00 p.m., four days after Jena was assured that police officers were at her residence to provide her police protection, and only after multiple telephone calls from family members, police arrived at Jena's apartment complex. Buffalo Police Officers found the victim, 37-year-old Jena MacDiarmid, deceased inside her apartment. The coroner opined that Jena had likely died four days prior to the officer's arrival on August 7, 2023. She had been beaten to death and mutilated by her boyfriend.

12.     Upon information and belief, Jena previously contacted the Buffalo Police Department on numerous occasions wherein she requested police protection against the assailant, through court appearances obtained a protective order directing that her boyfriend not to have contact with Jena and had been taken to the emergency room for hospitalizations countless times

3

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM
NYSCEF DOC. NO. 1

INDEX NO. 813222/2025
RECEIVED NYSCEF: 08/03/2025

as a result of being a victim of domestic violence. Upon information and belief, there was a warrant against her boyfriend pending for more than one year because the boyfriend had violated the order of protection.

13.    Upon information and belief: for years, including the period during which there was a warrant for the arrest of her boyfriend, the City of Buffalo Police Department implicitly and/or affirmatively sanctioned continuing physical abuse constituting domestic violence despite repeated requests by Jena for police protection.  Upon information and belief, on one occasion after being assaulted by Savon resulting in a fracture to her eye-socket, Jena flagged down Buffalo police officers and sought their services, however, rather than provide police protection and render assistance to her, the officers stated in words and effect that there was "nothing they could do."

## CONDITION PRECEDENT

14.    On or about the 11th day of April, 2025, a notice of claim was served on behalf of Jena MacDiarmid on defendants, in duplicate, which notice of claim sets forth the name and post office address of the claimant, the name and post office address of her attorneys, the nature of the claim, the time when the place where, and the manner in which the claim arose, together with the items of damages and injuries then known to exist, and was served upon defendants within ninety (90) days of the date upon which the claim arose. At least thirty (30) days have elapsed since the service of the notice of claim, and defendants have failed and neglected to adjust or pay the said claim.

15.    Defendants conducted a New York General Municipal Law § 50-h examination on August 1, 2025.

16.    This action falls within one or more of the exceptions set forth in the CPLR §1602.

4

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

## VENUE

17.    The basis of venue is the plaintiff's residence.

## PARTIES

18.    Plaintiff, Jamie Near, at all times hereinafter mentioned, was and still is a resident of the Town of Elma located within the County of Erie and the State of New York.

19.    On or about the 22nd day of January 2025, plaintiff, Jamie Near, was appointed Administratrix of the Estate of JENA MACDIARMID, pursuant to an Order of the Surrogate's Court of the County of Erie and the State of New York, and Letters of Administration of the Estate of JENA MACDIARMID were served on the plaintiff, and she is duly qualified and thereafter acted and is still acting as such Administratrix.

20.    Upon information and belief, Defendant, CITY OF BUFFALO, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

21.    Defendant, ERIE COUNTY (the "County") is a governmental subdivision created under the laws of the State of New York.

22.    Defendant, ERIE COUNTY CENTRAL POLICE SERVICES, was and still is a municipal corporation or a division of a municipal corporation organized and existing under and by virtue of the Laws of the State of New York, with its principal offices in the City of Buffalo, County of Erie and State of New York.

23.    Upon information and belief, at all times hereinafter mentioned, defendant, JOHN DOE 1 through 10, were and still are residents of the County of Erie and the State of New York. He/she/they are sued in his/her/their individual and official capacities.

24.    Upon information and belief, at all times hereinafter mentioned, defendants, JOHN DOE 1 through 15, were hired and/or employed by defendants, Erie County and/or the City of

5

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM    INDEX NO. 813222/2025
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 08/03/2025

Buffalo and/or Erie County Central Police Services and were acting within their authority as agent(s) and/or officer(s) and/or staff and acting under color of state law.

25.     Upon information and belief, at all times hereinafter mentioned, defendants Erie County and/or Erie County Central Police Services are responsible for the supervision, administration, policy, practices, procedures, and customs of the 911 providers, and are responsible for the hiring, training, discipline, and control of the 911 providers.

26.     Upon information and belief, defendants the County and/or Central Police Services, maintained, operated, managed, directed, controlled, and staffed the 911 center, and is responsible for answering, screening, and communication for 911 calls and texts in the City of Buffalo and County of Erie.

27.     Upon information and belief, at all times hereinafter mentioned, defendants the County and/or Central Police Services employed and controlled the individuals responsible for the hiring, training, and discipline of its staff at the 911 call center, and also created, instituted, and oversaw enforcing the policies, practice, and procedures at issue in this action.

28.     Upon information and belief, at all times hereinafter mentioned, defendants, JOHN DOE 1 through 5, were hired and/or employed by defendant, City of Buffalo and/or the City of Buffalo Police Department ("BPD") and were acting within their authority as agent(s) and/or officer(s) and/or staff and acting under color of state law.

29.     Upon information and belief, at all times hereinafter mentioned, defendant City of Buffalo is responsible for the supervision, administration, policy, practices, procedures, and customs of the BPD and its officers, and are responsible for the hiring, training, discipline, and control of them.

6

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM
NYSCEF DOC. NO. 1

INDEX NO. 813222/2025
RECEIVED NYSCEF: 08/03/2025

30. Upon information and belief, at all times hereinafter mentioned, defendant City of Buffalo employed and controlled the individuals responsible for the hiring, training, and discipline of BPD and its officer, and also created, instituted, and oversaw enforcing the policies, practice, and procedures at issue in this action.

31. The BPD's lax response to female victims of domestic violence offenses is in stark contrast to the manner in which it handles other violent crimes and its professed professionalism, competence, and diligence.

32. Upon information and belief, the lax and law enforcement responses that City of Buffalo residents frequently suffer in domestic violence cases are a result of unwritten policies, practices, or customs of discrimination against women and discrimination against victims of domestic violence. Thus, the department has failed to implement policies or practices requiring nondiscriminatory policing toward female victims of violence and victims of domestic violence.

33. Upon information and belief, women reasonably seeking police protection from gender-based violence and domestic violence have been blocked, impaired, and/or dismissed in their attempts to find access to justice. As a result, City residents who are victims of gender-based or domestic crimes have frequently become discouraged and abandoned their efforts to seek help.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**

§ 1983 - Denial of Equal Protection; Municipal Liability

(Against the City)

34. Plaintiffs re-allege and incorporate by reference all preceding paragraphs, as though fully set forth herein.

7

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM
NYSCEF DOC. NO. 1

INDEX NO. 813222/2025
RECEIVED NYSCEF: 08/03/2025

35.    At all relevant times, by their actions and the conduct alleged in this Complaint, each of the individual defendants intentionally discriminated against women, and, in particular, women who are victims of violence. The individual defendants discriminated against Jena and denied her the equal protection of the laws safeguarding individuals from violence, because of her gender.

36.    At all relevant times, by their actions and the conduct alleged in this Complaint, each of the individual City defendants intentionally discriminated against victims of domestic violence. The individual defendants discriminated against Jena and denied her the equal protection of the laws safeguarding individuals from violence, because of their status as victims of domestic violence.

37.    At all pertinent times, Jena had a constitutional right to have police services administered in a nondiscriminatory manner—a right that is violated when law enforcement denies appropriate protection to persons because of their gender or because of their status as domestic violence victims.

38.    The individual City defendants' actions and comments when handling Jena's domestic violence calls and reports are indicative of gender-based discriminatory intent. In addition, the defendants' lax inadequate responses to Jena's history of documented abuse and police reports are indicative of the disparate police services they provide to domestic violence victims compared to non-domestic violence victims.

39.    The individual City defendants were acting under color of law and, in that capacity, denied Jena her right to the provision of police services in a nondiscriminatory manner.

40.    As shown through the allegations set forth above, the Buffalo Police Department's policies, practices, and/or customs were a moving force behind the constitutional violations. The

8

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM
NYSCEF DOC. NO. 1

INDEX NO. 813222/2025
RECEIVED NYSCEF: 08/03/2025

individual City defendants were acting in conformity with what appears to be a widespread custom or practice of failing to provide appropriate and nondiscriminatory services to domestic violence victims such as Jena. Buffalo law enforcement have routinely failed to comply with the laws intended to protect domestic violence victims, and this pattern of conduct is sufficient evidence of an illicit custom or practice.

41.    As a direct and proximate result of these offending customs and practices of the defendants, Jena was damaged as alleged hereinabove.

42.    Accordingly, the City and the individual City defendants are responsible for the lax and discriminatory police services provided to Jena. These defendants are therefore liable for the violation of Jena's constitutional rights and for the damages caused as a result.

43.    The individual City defendants' violation of the Jena's rights were in conscious disregard of those rights and subject them to punitive damages.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Deprivation of Rights to Familial Association/Relations

### (The City defendants)

44.    Plaintiff re-alleges and incorporate by reference all preceding paragraphs, as though fully set forth herein.

45.    The City and individual City defendants each violated Jamie Near's constitutional rights by committing the misconduct set forth hereinabove in Claim for Relief One.

46.    As a direct and proximate result of the aforementioned policies, customs, and/or

9

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

practices of the City, Jamie Near was deprived of her sister and suffered the injuries and damages as alleged hereinabove. The liberty interests of Jamie Near is well recognized as 14th Amendment substantive due process rights.

## THIRD CLAIM FOR RELIEF

### Negligence

### (Against All City Defendants)

47.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein.

48.    The City and the individual City defendants each had a duty of care to perform in a non-negligent manner. By committing the misconduct alleged above, each named defendant breached that duty.

49.    Specifically, the individual City Officers were negligent in failing to take reasonable steps to effectuate Savon's arrest, and to otherwise protect Jena, when probable cause existed that Savon had violated a restraining order and had an open arrest warrant which mandated his arrest under New York State Law.

50.    In addition, each individual City defendant was negligent in failing to provide Jena with required information on domestic violence.

51.    Upon information and belief the individual City Officers failed to fill out domestic incident reports at prior calls; failed to characterize prior incidents as domestic violence; failed to advise Jena of her rights as a domestic violence victim; and failed to train its officers about the realities of domestic violence.

10

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

52.    Each of these negligent failures changed and contributed to Jena's risk of injury and death at the hands of her abuser. Her damages were a direct and proximate result of these failures.

53.    Because the individual City defendants caused Jena's injuries while acting within the scope of their employment, the City is vicariously liable for Jena's injuries.

### FOURTH CLAIM FOR RELIEF
### Due Process
### State Created Danger

### (Against All City Defendants)

54.    The City defendants unconstitutionally exposed plaintiffs to state-created danger. To state a claim under the state-created danger doctrine, the complaint must allege that (1) a government official took an affirmative act that created the danger and (2) the official's conduct was so egregious that it shocks the contemporary conscience.

55.    Upon information and belief, the City defendants affirmatively created or enhanced the danger of private violence by implicitly or explicitly affirmatively encourage the abuse by failing to arrest or interview Savon at prior calls; by failing to fill out domestic incident reports at any prior calls; by acting in concert with Savon – by treated Jena with indifference or disdain. For example, when stating to Jena that there was nothing the police could do to assist her after Savon assaulted her and fractured her eye socket, the officers clearly transmitted the message that what Savon did was permissible and would not cause Savon problems with authorities." The disparate treatment of domestic violence calls and the delayed response time shows a lack of training and/or a lack of comprehension about the realities of domestic violence by the City and the individual City defendants.

11

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

56.    The aforementioned actions by the City and the individual City defendants that "shock[s] the contemporary conscience":

## FIFTH CLAIM FOR RELIEF

### Wrongful Death

57.    Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

58.    Decedent left surviving her sister, Jamie Near.

59.    The decedent's next of kin were dependent upon decedent for support, maintenance, nurture, comfort, advice, aid, and society, which she is now deprived of because of the aforesaid incident.

60.    The decedent's next of kin suffered grief, loss of love, society, protection, comfort, companionship, and consortium resulting from Jena's death, which she is now deprived of because of the aforesaid incident.

61.    As a result of the aforesaid incident, medical, funeral, and burial expenses have been incurred.

62.    By reason of Jena's death caused by the negligence, neglect, and constitutional violations of the defendants, his distributee has been damaged, and the amount of damages shall exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTH CLAIM FOR RELIEF

### Negligence

### (Against Erie County and Erie County Central Police Services)

63.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein.

12

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM

NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

64.     The County and Erie County Central Police Services defendants each had a duty of care to perform in a non-negligent manner. By committing the misconduct alleged above, each named defendant breached that duty.

65.     Specifically, the County and Erie County Central Police Services were negligent in failing to take reasonable steps to answer and communicate with Jen, and to otherwise protect Jena.

66.     By virtue of the text communications, a "special relationship" was created under New York Law between Jena and the defendants because(1) respondents assumed, through promises and actions, an affirmative duty to protect Jena from the assailant; (2) respondents knew that inaction on their part could result in physical injury and/or death to Jena; (3) there was direct contact between Jena and the respondents; and (4) Jena justifiably relied upon the promises and representations by respondents that police would arrive at her residence and provide her with protection from the assailant. The statement by the 911 call taker that police were outside Jena's apartment building, and the police were going to enter the building and knock on her door and provide protection to Jena from the assailant caused Jena to take actions that increased the risk to her of physical harm and death, such as remaining in a dangerous situation, and/or not fighting the assailant because she believed that the police were there to provide her protection.

67.     Each of these negligent failures changed and contributed to Jena's risk of injury and death at the hands of her abuser. Her damages were a direct and proximate result of these failures.

68.     Because the individual County and/or Erie County Central Police Services defendants caused Jena's injuries while acting within the scope of their employment, they are vicariously liable for Jena's injuries.

13

FILED: ERIE COUNTY CLERK 08/03/2025 12:10 AM
NYSCEF DOC. NO. 1

INDEX NO. 813222/2025

RECEIVED NYSCEF: 08/03/2025

## PRAYER FOR RELIEF

Plaintiff, respectfully requests that this Court:

    a.  Exercise jurisdiction over plaintiff's claims and grant her a jury trial;

    b.  Award plaintiff economic and non-economic damages, in an amount to be ascertained according to proof, and interest on said sums from the date of Judgment;

    c.  Award plaintiff punitive damages against the individual defendants in an amount sufficient to punish them and deter others from similar conduct;

    d.  Award plaintiff reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988; and

DATED:    Buffalo, New York

           August 2, 2025

                            **LIPSITZ GREEN SCIME CAMBRIA LLP**

                            By: /s/ Melissa D. Wischerath
                            MELISSA D. WISCHERATH, ESQ.
                            Attorneys for Plaintiff
                            42 Delaware Avenue, Suite 120
                            Buffalo, New York 14202-3924
                            (716) 849-1333

14

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

JAMIE NEAR,
Individually and as Administratrix
of the Estate of
JENA MACDIARMID, Deceased,

Index No. **813222/2025**

Plaintiff,

v.

CITY OF BUFFALO,
JOHN DOE 1 through 5 (said City of Buffalo
supervisor(s), employee(s), or staff on Duty involved in
the response and treatment of Jena MacDiarmid
and/or underlying claims),
ERIE COUNTY,
JOHN DOE 1 through 5 (said Erie County
supervisor(s), employee(s), or staff on Duty involved in
the response and treatment of Jena MacDiarmid
and/or underlying claims),
ERIE COUNTY CENTRAL POLICE SERVICES,
JOHN DOE 1 through 5 (said Erie County Central
Police Services
supervisor(s), employee(s), or staff on Duty involved in
the response and treatment of Jena MacDiarmid
and/or underlying claims),

Defendants.

---

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their

representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: August 5, 2025                    LIPSITZ GREEN SCIME CAMBRIA LLP

                                         By:_____
                                             MELISSA D. WISCHERATH, ESQ.
                                             42 Delaware Avenue, Suite 120
                                             Buffalo, New York 14202
                                             (716) 849-1333 ext. 397

                                             mwisherath@lglaw.com

TO:

CITY OF BUFFALO
1100 City Hall
65 Niagara Square
Buffalo, New York 14202

ERIE COUNTY,
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY CENTRAL POLICE SERVICES
95 Franklin Street
Buffalo, New York 14202

# Exhibit D

## AFFIDAVIT/AFFIRMATION OF SERVICE

**State of New York**
**Court: SUPREME**                **County of ERIE**                **Index No. 813222/2025**

---

**JAMIE NEAR**
**et al**                                              Plaintiff(s)/Petitioner(s)
                        vs
**CITY OF BUFFALO**
**et al**                                              Defendant(s)Respondent(s)

The undersigned being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York. I affirm the following to be true under the penalties of perjury pursuant to N.Y. C.P.L.R 2106:

That on **AUGUST 7TH**,**2025**, at **1:06PM**:,at **1100 CITY HALL BFLO NY**

deponent served the within **SUMMONS/COMPLAINT AND E-FILE NOTICE**
on which were set forth the Index No. herein, and the date of filing.

## ON  **CITY OF BUFFALO**

☐ **Individual**        By delivering a true copy thereof to said recipient personally: deponent knew the person so served to be the individual described therein.

☐ **Responsible Person**        By delivering to and leaving with _____, a true copy thereof, a person of suitable age and discretion. Said premised being the defendant/respondent's _____ dwelling place_____ place of business_____ last known address within State.

☐ **Mail**        A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal & Confidential", in a depository maintained by the U.S.P.S and mailed to the above address on _____ 2025.

☑ **Corporation**        by delivering to and leaving with **CATHY MILLER**, said individual to be **AUTHORIZED INDIVIDUAL**.

☐ **LLC/LLP**        who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐ **Affixing To Door**        By affixing a true copy thereof to the door, being the defendant/respondent's_____dwelling place _____place of business _____last known address within the State.

☐ **Previous**        Deponent previously attempted to serve the above named defendant/respondent on;

Attempts        at _____on _____, _____M.

                at _____on _____, _____M.

                at _____on _____, _____M.

                at _____on _____, _____M.

**Description**        **42**years of age   **155**lbs.   **5**ft   **7**in.   _____ male   X female   **BROWN** hair   **WHITE**skin.

                _____other.

☑ **Military Service**        To the best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

I affirm this_____ _9th_ _____day of _Aug._ ,2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Notary Not Required Pursuant to N.Y. CPLR 2106
**John R. MacCarrick**

## AFFIDAVIT/AFFIRMATION OF SERVICE

**State of New York**
**Court: SUPREME**                County of **ERIE**                Index No.**813222/2025**

---

**JAMIE NEAR**
**et al**                                                    Plaintiff(s)/Petitioner(s)

vs

**CITY OF BUFFALO**
et al                                                        Defendant(s)Respondent(s)

The undersigned being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York. I affirm the following to be true under the penalties of perjury pursuant to N.Y. C.P.L.R 2106:

That on **AUGUST 8TH,**2025, at **9:15A**M:,at **95 FRANKLIN STREET (ROOM 1634) BFLO NY**

deponent served the within **SUMMONS/COMPLAINT AND E-FILE NOTICE**
on which were set forth the Index No. herein, and the date of filing.

**ON   ERIE COUNTY**

☐**Individual**        By delivering a true copy thereof to said recipient personally: deponent knew the person so served to be the individual described therein.

☐**Responsible**
**Person**            By delivering to and leaving with _____, a true copy thereof, a person of suitable age and discretion. Said premises being the defendant/respondent's _____ dwelling place_____ place of business_____ last known address within State.

☐**Mail**            A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal & Confidential", in a depository maintained by the U.S.P.S and mailed to the above address on _____ 2025.

☒**Corporation**        by delivering to and leaving with **AMY MCCABE ESQ**, said individual to be **AUTHORIZED INDIVIDUAL**.

☐**LLC/LLP**        who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐**Affixing**
**To Door**          By affixing a true copy thereof to the door, being the defendant/respondent's_____dwelling place _____place of business _____last known address within the State.

☐**Previous**        Deponent previously attempted to serve the above named defendant/respondent on:

**Attempts**          at _____on _____, _____.M.

at _____on _____, _____.M.

at _____on _____, _____.M.

at _____on _____, _____.M.

**Description**        35years of age.   135lbs.   5ft   7in.   _____ male   X female   BROWN hair   WHITEskin.

_____other.

☒**Military**
**Service**          To the best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

I affirm this _____ day of _____,2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Notary Not Required Pursuant to N.Y. CPLR 2106
**John R. MacCarrick**

## AFFIDAVIT/AFFIRMATION OF SERVICE

**State of New York**
**Court: SUPREME**　　　　　**County of ERIE**　　　　　**Index No.813222/2025**

---

| | |
|---|---|
| **JAMIE NEAR**<br>**et al**<br>　　　　vs<br>**CITY OF BUFFALO**<br>et al | Plaintiff(s)/Petitioner(s)<br><br><br><br>Defendant(s)Respondent(s) |

The undersigned being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of New York. I affirm the following to be true under the penalties of perjury pursuant to N.Y. C.P.L.R 2106:

That on **AUGUST 8TH,2025**, at **9:29**AM:,at **45 ELM STREET BFLO NY**

deponent served the within **SUMMONS/COMPLAINT AND E-FILE NOTICE**
on which were set forth the Index No. herein, and the date of filing.

### ON  ERIC COUNTY CENTRAL POLICE SERVICES

☐**Individual**  By delivering a true copy thereof to said recipient personally: deponent knew the person so served to be the individual described therein.

☐**Responsible Person**  By delivering to and leaving with _____, a true copy thereof, a person of suitable age and discretion. Said premised being the defendant/respondent's _____ dwelling place_____ place of business_____ last known address within State.

☐**Mail**  A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal & Confidential", in a depository maintained by the U.S.P.S and mailed to the above address on _____ 2025.

☑**Corporation**  by delivering to and leaving with **DAWN TRANK**, said individual to be **AUTHORIZED INDIVIDUAL**.

☐**LLC/LLP**  who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐**Affixing To Door**  By affixing a true copy thereof to the door, being the defendant/respondent's_____dwelling place _____place of business _____last known address within the State.

☐**Previous**  Deponent previously attempted to serve the above named defendant/respondent on:

**Attempts**　at _____on _____, _____M.

　　　　at _____on _____, _____M.

　　　　at _____on _____, _____M.

　　　　at _____on _____, _____M.

**Description**　**54**years of age  **175**lbs.  **5**ft  **4**in.  _____ male  **X** female  **BROWN** hair  **WHITE**skin.

　　　　_____other.

☑**Military Service**  To the best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

I affirm this_____ 9ᵗʰ day of /Aug ,2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Notary Not Required Pursuant to N.Y. CPLR 2106
**John R. MacCarrick**

# Exhibit E

Case 1:25-cv-00806-MAV    Document 1    Filed 09/03/25    Page 42 of 47

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

JAMIE NEAR, as Administrator of the
Estate of JENA MACDIARMID, Deceased

                                     Plaintiff,              **ANSWER with
                                                             CROSS-CLAIMS**

vs.
                                                          Index No.: 813222/2025

CITY OF BUFFALO; ERIE COUNTY;
ERIE COUNTY CENTRAL POLICE SERVICES;
JOHN DOE 1-15

                                     Defendants.

---

Defendant, CITY OF BUFFALO, (hereinafter collectively referred to as "City") allege

the following for their Answer to Plaintiff's Complaint, upon information and belief:

1.    Admit the allegations in paragraph 20.

2.    Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23,

24, 25, 26, 27, 28, 29, 30, 34, 44, 47, 54, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68.

3.    Deny the allegations in paragraphs 4, 13, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41,

42, 43, 45, 46, 48, 49, 50, 51, 52, 53, 55, and 56.

4.    Deny each and every allegation of the Complaint not hereinbefore specifically

admitted, denied or otherwise controverted.


### AS AND FOR A FIRST DEFENSE

5.    Plaintiff may have failed to mitigate their damages.

## AS AND FOR A SECOND DEFENSE

6.      If the Court finds that any economic losses alleged in the Complaint were or will, with reasonable certainty, be replaced or indemnified, from any collateral source, then any recovery of Plaintiff must be reduced thereby pursuant to CPLR §4545.

## AS AND FOR A THIRD DEFENSE

7.      Plaintiff may be barred from any recovery for injuries resulting from activity in which they assumed the risks associated with the activity in which they were engaged in at the time.

## AS AND FOR A FOURTH DEFENSE

8.      The Complaint is barred, in whole or in part, for failure to comply with a condition precedent to commencement of an action against the Defendants as required by Article Four of the New York State General Municipal Law.

## AS AND FOR A FIFTH DEFENSE

9.      That the damages and/or injuries alleged in the Complaint may have been caused in whole or in part or were contributed to by the culpable conduct, provocation or want of care and assumption of risk on the part of Plaintiff or other third parties not in the control of the Defendants.

## AS AND FOR A SIXTH DEFENSE

10.      The Complaint, in whole or in part, fails to state a cause of action.

2

Case 1:25-cv-00806-MAV   Document 1   Filed 09/03/25   Page 44 of 47

## AS AND FOR A SEVENTH DEFENSE

11.　If any liability is found against the City, said liability will constitute 51% or less of the total liability assigned to all persons liable and shall be limited pursuant to CPLR §1601.

## AS AND FOR AN EIGHTH DEFENSE

12.　The damages alleged in the Complaint are attributable to the culpable conduct of others over whom the City neither had, nor exercised any control.

## AS AND FOR A NINTH DEFENSE

13.　If Plaintiff reaches a settlement with one or more persons liable or claimed to be liable, the Defendants shall be entitled to a set off as against such settlement pursuant to General Obligations Law §15-108.

## AS AND FOR A TENTH DEFENSE

14.　Upon information and belief, the Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities in tort actions in the State of New York.

## AS AND FOR AN ELEVENTH DEFENSE

15.　Upon information and belief, Plaintiff's complaint is barred, in whole or in part, by the Plaintiff's failure to obtain personal jurisdiction based upon insufficient and/or improper service of process on one or more of the City.

3

## AS AND FOR A TWELFTH DEFENSE

16.     In the event of any award against City, whether by judgment or settlement, the Defendants will request an apportionment of fault be made by the Court or jury as to all responsible parties, and the City will further request a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## AS AND FOR A THIRTEENTH DEFENSE

17.     Plaintiffs may lack standing to bring one or more of the asserted claims

## AS AND FOR A FORTEENTH DEFENSE

18.     Plaintiff's claims may be barred by the applicable statute of limitations.

## AS AND FOR A FIFTEENTH DEFENSE

19.     Any force used by the City was reasonable, necessary and justified under the circumstances.

## AS AND FOR A SIXTEENTH DEFENSE

20.     Upon information and belief, no special relationship existed between the Plaintiff and the City which would create a special duty to the Plaintiff.

## AS AND FOR A SEVENTEENTH DEFENSE

21.     Upon information and belief, the complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

4

## AS AND FOR AN EIGHTEENTH DEFENSE

22.    Upon information and belief, the Court lacks jurisdiction over the City.

## AS AND FOR A FIRST CROSS-CLAIM:

23.    If Plaintiffs sustained injury and damage as alleged in the Complaint and judgment is recovered against the City, then the City's liability will have been brought about by reason of the culpable conduct of the Co-Defendant(s).

24.    The City is therefore entitled to judgment over and against said Co-Defendant(s) for indemnification or contribution, in such amount as determined in accordance with the relative culpability of the parties.

## AS AND FOR A SECOND CROSS-CLAIM:

25.    Upon information and belief, the City is entitled to contractual indemnification and/or contribution from the Co-Defendant(s).

**WHEREFORE**, the City demands that the Plaintiff's Complaint herein be dismissed, and for such other and further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Dated: August 27, 2025
       Buffalo, New York

CAVETTE A. CHAMBERS, ESQ.
Corporation Counsel

/s/ Robert E. Quinn

5

By: Robert E. Quinn
Assistant Corporation Counsel
1103 City Hall – 65 Niagara Sq.
Buffalo, New York 14202
Tel. (716) 851-4326


TO:     LIPSITZ GREEN SCIME CAMBRIA, LLP
        Attn.: Melissa D. Wischerath, Esq.
        42 Delaware Avenue, Suite 120
        Buffalo, New York 14202

6